Melinda Arbuckle (SBN 302723)
marbuckle@wageandhourfirm.com
WAGE AND HOUR FIRM
3600 Lime Street, Suite 111
Riverside, California 92501
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@wageandhourfirm.com
WAGE AND HOUR FIRM
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

*Counsel for Plaintiff and Proposed Class*
*and Collective Action Members*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| Cleo Hunter, individually and on behalf of all others similarly situated, | **Case No. 1:24-cv-00133** |
| Plaintiff, | **ORIGINAL COMPLAINT FOR VIOLATION OF FLSA AND CALIFORNIA STATE LAW** |
| vs. | |
| Petro-Lud, Inc. | |
| Defendant. | **COLLECTIVE AND CLASS ACTION** |

Plaintiff Cleo Hunter ("Plaintiff" or "Hunter"), individually and on behalf of all other similarly situated employees, files this Complaint against Petro-Lud, Inc. ("Defendant" or "PLI"), showing in support as follows:

## I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the Portal-to-Portal Act 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code § 226 (Wage Statement Provisions); Cal. Labor Code § 203 (Waiting Time Penalties); Cal. Labor Code§ 226.8 (Willful Misclassification

of Independent Contractor Status); Cal. Labor Code § 226.7 and Cal. Wage Order No. 16-2001, §§ 10, 11 (Meal and Rest Breaks); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 2802 (Expense Reimbursement) (collectively, "California State Law") for Defendant's violations of California State Law.

3.      Defendant is engaged oil and gas drilling operations. However, as the result of Defendant's wage payment policies and/or practices, Defendant has failed to pay Plaintiff all due and owing wages.

4.      Defendant's policies and/or practices violated the FLSA. Defendant misclassified Plaintiff as an independent contractor to avoid paying overtime premium wages. Defendant impermissibly paid Plaintiff on an hourly rate basis without paying overtime premium pay as required by the FLSA when Plaintiff worked more than forty (40) hours in a workweek, which was frequent. Defendant should have compensated Plaintiff at time and one-half Plaintiff's regular rate of pay for all hours worked over forty (40) in any given workweek. Furthermore, Defendant also, pursuant to its uniform pay policies and/or practices, did not compensate Plaintiff for all time spent in transit between worksites. Travel time "all-in-a-day's work" is compensable under the FLSA, but Defendant's pay practice and/or policy was not to compensate Plaintiff and similarly situated employees for such travel time.

5.      Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) as the result of Defendant's uniformly applicable wage payment policies and/or practices described in the preceding paragraph in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

6.      Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

7.      Defendant's policies and/or practices also violated California State Law. Under California State Law, all expenses incurred by Plaintiff relative to the use of personal vehicles

and cellular telephones including, but not limited to, gasoline, maintenance, car rental fees, carrier fees for cellular telephone and data expenses, and all other expenses were to be reimbursed by the Defendant. Defendant's failure to reimburse all expenses incurred by the Plaintiff was in violation of California State Law. Furthermore, Defendant's above-alleged willful misclassification of Plaintiff as an independent contractor violated the law resulting in violations of California's overtime pay requirements. Defendant frequently failed to provide rest breaks required by California State Law, and failed to fully relieve Plaintiff during requisite meal breaks in California. As a result, Defendant failed to pay Plaintiff all wages due during employment with Defendant and at the time of separation from employment. Consequently, Defendant also failed to provide Plaintiff with accurate, itemized wage statements in violation of California State Law.

8.    Plaintiff files this lawsuit individually and as a Rule 23 class action on behalf of all similarly situated current and former employees of Defendant in California who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek due to Defendant's willful misclassification of them as hourly-paid independent contractors; who did not receive and are therefore entitled to backpay and/or penalties for Defendant's failure to provide requisite meal and/or rest breaks; who did not receive full reimbursement for all expenses incurred while performing their job duties; and who did not receive timely payment of all due and owing wages and accurate or itemized wage statements in violation of California State Law for the time period of four years prior to the filing of this lawsuit and forward (the "Class Action Members").

9.    Plaintiff and the Class Action Members seek all damages available under California State Law, including unpaid wages, liquidated damages, penalties, legal fees, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.    THE PARTIES

**A.    Plaintiff Cleo Hunter**

10.    Plaintiff is an individual residing in Kern County, California. Plaintiff has standing to file this lawsuit.

11.    Plaintiff began working for Defendant on or about January 15, 2000. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about November 20, 2022.

12.    At all times Plaintiff was paid on an hourly basis of approximately $26.00 per hour.

13.    Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.    Putative Collective Action Members**

14.    Plaintiff brings this action individually and on behalf of similarly situated workers companywide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members preliminarily defined as follows:

> All current and former hourly-paid workers who worked at any location companywide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied or overtime wages in connection with Defendant's policy and/or practice of willful misclassification of them as independent contractors and failure to compensate for travel time "all-in-a-day's-work."

15.    Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

16.    Plaintiff seeks to represent the Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

**C.    Putative Class Action Members**

17.    Plaintiff brings this action individually and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18.     Plaintiff seeks to represent the below proposed classes/sub-classes of Class Action Members:

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were denied overtime due to Defendant's willful misclassification of them as independent contractors and failure to compensate them for trave/drive time during their work day "off-the-clock" and whose wage statements were consequently inaccurate in violation of California State Law (the "Independent Contractor Misclassification" Class Members);

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were not fully reimbursed for all expenses in violation of California State Law (the "§ 2802/Expense Reimbursement" Class Members);

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were denied compensation due to Defendant's failure to provide fully relieved meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California State Law (the "§226.7/Break" Class Members); and

All former non-exempt, hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who did not receive all wages due at the time of termination or within seventy-two hours of resignation (the "§ 203/Waiting Time" Class Members).

19.     Plaintiff reserves the right to refine the definition(s) or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

20.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**D.     Defendant Petro-Lud, Inc.**

21.     Defendant is a corporation organized under the laws of the State of California.

22.     During all times relevant to this lawsuit, Defendant has done business in the State of California.

23.     Defendant's principal place of business as listed with the California Secretary of State is 12625 Jomani Drive, Suite 104; Bakersfield, CA 93312.

24.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise

Case No.1:24-cv-00133
Original Complaint

engaged in commerce" as defined by the FLSA.

25. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

26. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

27. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, communications using phones and/or ratio with other employees and representatives or employees of customers regarding goods.

28. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment and supplies/materials used in connection with Defendant's business operations.

29. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

30. Defendant may be served with summons through its registered agent Kristie Kovacich at 12625 Jomani Drive Suite 104; Bakersfield, CA 93312.

### III. JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

32. The United States District Court for the Eastern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

33.    Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

34.    This Court properly exercises supplemental jurisdiction over Plaintiff's California State Law Claims because those claims derive from a common nucleus of operative fact.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

35.    According to its website, Defendant is a "full-service drilling and service company operating primarily in the oil-rich and agriculturally-significant California San Joaquin Valley. [Its] focus is the professional, cost-effective drilling of oil, gas, water and geothermal wells, as well as most downhole services that are needed to be performed."[1]

36.    At times relevant in the four years prior to the filing of this lawsuit, Defendant employed hourly-paid workers that it classified as "independent contractors." However, in reality, Defendant maintained all relevant control over such employees, directing their work, schedules, controlling their rate of pay and ability for profit or loss, and such employees' work was directly related to Defendant's oil and gas business operations.

37.    Plaintiff worked for Defendant as a rig supervisor from January 15, 2000, through November 20, 2022. During that time period, Defendant treated Plaintiff as an independent contractor, and paid only Plaintiff's hourly rate of pay for all hours of work. However, Plaintiff frequently worked in excess of forty (40) hours in a workweek and in excess of eight (8) hours in a workday and was entitled to overtime pay for such hours of work.

38.    For instance, in the thirteen-day period between November 29, 2021 and December 12, 2021, Plaintiff worked a total of 82.5 hours. Plaintiff worked 31.5 hours between November 29, 2021, and December 6, 2021, and 51 hours in the period between December 7, 2021 and December 12, 2021. For all hours, Defendant paid Plaintiff only at Plaintiff's hourly rate of $26.00 per hour.

---

[1]    Petro-Lud, *Who We Are*, https://petro-lud.com (last accessed Feb. 8, 2024).

39.     Under federal law, Plaintiff is entitled to back overtime pay of $143.00 for this workweek. ($26.00 per hour *.5 multiplied by the weekly overtime hours of work, 11, yielding $143.00).

40.     However, under California law, Plaintiff is entitled to additional backpay because in the first workweek, Plaintiff worked a total of 12 hours in one day. Accordingly, Plaintiff is entitled to back overtime pay in the amount of $52.00 ($26.00 per hour * .5 multiplied by the daily overtime hours, 4, yielding $52.00).

41.     These backpay analyses operate independently of Plaintiff's allegations that Defendant did not permit Plaintiff to charge for time spent traveling between Defendant's worksites.

42.     Defendant employed other misclassified independent contractors who worked similar hours without being paid commensurate overtime wages.

43.     Defendant controlled the work offered to Plaintiff and similarly situated workers and their hours and schedules. Plaintiff and similarly workers were not separate business entities but were a workforce performing job duties that were integral to Defendant's business operations.

44.     Plaintiff and similarly situated workers did not provide material investment in Defendant's business operations, and Defendant's investment in their business operations exceeds the investments, if any, of Plaintiff and similarly situated workers in connection with their work for Defendant.

45.     At all times relevant, Plaintiff and similarly situated workers could not and did not hire employees of their own while working for Defendant. Similarly, Plaintiff and similarly situated workers could not and did not subcontract the work assigned to them by Defendant. Instead, there was only opportunity for earned income based upon days worked for Defendant.

46.     All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendant, not Plaintiff and the putative Collective Action Members.

47.     Furthermore, Defendant did not pay Plaintiff for time spent traveling between worksites which is compensable under the FLSA and California State Law.

48.     At times relevant, Defendant did not make and keep a record of all of the data required by 29 C.F.R. § 516.2 in connection with the work performed by Plaintiff and the putative Collective Action Members.

49.     Defendant did not reimburse Plaintiff or similarly situated workers for business expenses incurred for Defendant's predominant benefit including those attributable to their vehicles or use of personal cell phones for Defendant's business operations.

50.     Defendant did not provide meal or rest breaks to Plaintiff and similarly situated workers, but rather they were typically expected to work for hours on end without any rest.

51.     Because of the above-described policies and/or practices, Defendant failed to pay Plaintiff and the Collective/Class Action Members all wages and sums to which they were entitled by law.

52.     Defendant willfully failed to pay Plaintiff and the Class Action Members all sums due pursuant to the above-described under compensation at the time of their separation from employment with Defendant.

53.     Defendant intentionally and/or willfully failed to pay Plaintiff and the Collective/Class Action Members all wages owed in violation of the FLSA and California State Law.

**V.     FLSA CLAIMS FOR OVERTIME PAY**

54.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A. FLSA Coverage**

55.     All conditions precedent to this suit, if any, have been fulfilled.

56.     At all times relevant to this lawsuit Defendant has been an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

57.    At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

58.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, hundreds of employees including Plaintiff and the Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

59.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

60.    "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

61.    The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

62.    Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

63.    Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor who is not covered by the FLSA is determined by the economic realities test. *See Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). The purpose of the economic realities test is to determine whether the worker is economically dependent upon the alleged employer or is instead in business for himself. *Id.*

64.    District Courts in the Ninth Circuit consider the following factors in assessing the economic reality of the working relationship:

(1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending on his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

*Kucken v. Orsuga Consulting LLC*, No. CV-22-00573-PHX-DJH, 2024 WL 342441, at *5 (D. Ariz. Jan. 30, 2024) (quoting *Real*, 603 F.2d at 754). No single factor is dispositive, but the determination depends on the total circumstances of the whole activity. *Id.*

65.    The FLSA applied to Plaintiff and the Collective Action Members when they worked as hourly-paid workers of Defendant at any of its locations.

66.    At relevant times, Plaintiff and the Collective Action Members were, despite Defendant's classification of them, employees of Defendant pursuant to the FLSA.

67.    On information and belief, dozens of hourly-paid workers worked for Defendant in connection with its business operations during the three years preceding the filing of this action.

68.    During the relevant time period, Plaintiff and the Collective Action Members were not compensated for all travel time between work locations during their workday (travel "all-in-a-day's-work).

69.    Defendant's failure to compensate Plaintiff and the Collective Action Members were for travel "all-in-a-day's-work" violated the FLSA's overtime provisions. 29 U.S.C. § 207.

70.    Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

71.    Defendant's failure to compensate Plaintiff and the Collective Action Members for travel time "all-in-a-day's work" resulted in violations of the FLSA's recordkeeping regulations.

**C.    Collective Action Allegations**

72.    Plaintiff seeks to bring claims under the FLSA individually and on behalf of other hourly-paid workers who like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) as the result of Defendant's uniformly applicable wage payment policies and/or practices in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

73.    Plaintiff has actual knowledge that Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other hourly-paid workers who similarly were misclassified as independent contractors while being paid their respective hourly rates of pay for all hours worked including those over forty (40) in a workweek. This resulted in personal knowledge of treatment of coworkers at those locations. Furthermore, other hourly-paid workers have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

74.    The Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing services on behalf of Defendant while misclassified as independent contractors, and receiving only straight time, hourly pay for all hours of work including those over forty (40) in a seven-day workweek.

75.    The Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

76.    Defendant's failure to pay and overtime compensation in connection with the above-mentioned violations results from generally applicable policies and/or practices and does not depend on the personal circumstances of the Collective Action Members.

77.    The specific job titles or precise job responsibilities of each Collective Action Member do not prevent collective treatment.

78.    Although the exact amount of damages may vary among the Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

79.    Plaintiffs propose that the class of Collective Action Members be preliminarily defined as:

> All current and former hourly-paid workers who worked at any location companywide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of misclassifying them as independent contractors and paying only straight time hourly pay for all hours of work including those over forty (40) in a workweek and failing to compensate for travel time "all-in-a-day's work."

80.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

81.    Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.    CALIFORNIA STATE LAW CLAIMS

82.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.    Controlling California State Law and Allegations

83.    California State Law requires payment of overtime wages to all nonexempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

84.    Plaintiff and the California Class frequently worked in excess of eight hours in a day or forty hours in a week.

85.    Whether an individual is an employee covered by the California Labor Code is determined by the "ABC" test established by *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 956-57 (2018) *reh'g denied* (June 20, 2018). Under that test, the hiring entity bears the burden of establishing that a worker is an independent contractor. The hiring entity must establish:

> (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (b) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

*Id.*

86.    The California legislature adopted this test for all claims that arise under the California Labor Code, unless a statutory or IWC Wage Order exception applies, in 2020. *See* Cal. Lab. Code § 2775(b)(1), (2); *Parada v. E. Coast Transp. Inc.*, 277 Cal. Rptr 3d 89, 94 n.2 (2021).

87.    Defendant's policy and/or practice of willfully misclassifying Plaintiff and the California Class resulted in a failure to pay all overtime wages owed under California State Law.

88.    Furthermore, Defendant's policy and/or practice of requiring Plaintiff and the California Class to complete travel time without compensation resulted in a failure to pay all overtime wages owed under California State Law.

89.    California State Law requires indemnification of all necessary business expenses to employees in direct consequence of the discharge of their duties.

90.    Plaintiff frequently incurred business expenses while working for Defendant.

91.    Defendant's policy and/or practice of failing to reimburse Plaintiff and the California Class for all expenses incurred while performing their work duties violated California State Law. Cal. Labor Code § 2802.

92.    California State Law requires employers to provide fully-relieved meal breaks, which may be uncompensated, of thirty minutes for all employees who work shifts longer than five hours per day, and paid ten minute breaks for all employees who work shifts longer than three and one-half hours.

93.    Plaintiff and the California Class routinely work and have worked in excess of five-hour shifts without being afforded at least a half hour meal break in which they were relieved of all duty, and frequently failed to receive paid 10-minute rest periods for every four hours worked.

94.    Defendant did not pay the mandatory penalty when Plaintiff and the California Class did not receive compliant meal and rest breaks.

95.    As the result of Defendant's failure to afford proper meal and rest periods, Defendant is liable to Plaintiff and the California Class for up to two hours of additional pay at the regular rate of compensation for each workday that the proper break periods were not provided. Cal. Labor Code § 226.7 and Cal. Wage Order No. 16-2001, §§ 10, 11.

96.    California State Law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days' wages. Cal. Labor Code § 203.

97.    Defendant's to provide compliant meal and rest breaks resulted in retention of wages to be paid to Plaintiff and the California Class after their employment with Defendant ended.

98.    Because Plaintiff and the California Class were, in actuality, employees of Defendant, its retention of money owed to them after their employment with Defendant ended was a violation of California State Law.

99.     Furthermore, California State Law requires employers to furnish employees with itemized wage statements including, among other things, an accurate depiction of all hours worked.

100.    Defendant's failure to provide compliant meal and rest breaks resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

101.    Defendant was aware that its failure to pay overtime compensation was unlawful pursuant to California State Law.

**B.    Class Action Allegations**

102.    Plaintiff brings these claims for relief under California State Law, as set out above, as a class action pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

103.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period hundreds of individuals worked for Defendant in the state of California.

104.    Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.  Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations;

b.  Whether Defendant willfully misclassified the Class as independent contractors in violation of California State Law and resulting in overtime violations;

c.  Whether Defendant maintained a policy or practice of failing to provide meal and rest breaks as required by California State Law;

d.  Whether Defendant unlawfully failed to keep and furnish the California Class with records of hours worked in violation of California State Law;

e.  Whether Defendant's policy or practice of failing to pay the California Class all wages due immediately upon discharge violates California State Law;

f.  Whether Defendant's policy or practice of failing to pay the California Class all wages due within the time required by law after their employment ends violates California law; and

g.  The proper measure of damages sustained by the California Class.

105.  <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like the California Class, was subjected to Defendant's uniform pay practices/polices including failure to reimburse expenses, failure to pay appropriate overtime premiums for work over eight (8) in a workday or over forty (40) in a workweek, and failure to provide compliant meal and rest breaks in violation of California State Law. Plaintiff's job duties and claims are typical of those of the California Class.

106.  <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the California Class.

107.  <u>Adequacy of counsel</u> (Fed. R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of individuals asserting claims similar to Plaintiffs and the California Class. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the California Class.

108.  Class certification of the California State Law claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to the California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay wages for all work completed during the workday, failing to reimburse necessary business expenses, and refusing to comply with California State Law regarding meal and rest breaks.

109.  <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a

class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the California Class. The damages suffered by individual members of the California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

110.   <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the California Class to the extent provided by Rule 23.

111.   Plaintiff proposes that the classes to be certified be defined as:

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were denied overtime wage compensation due to Defendant's willful misclassification of them as independent contractors and failure to provide any compensation for trave/drive time during their workday (the "Misclassified Independent Contractor" Class Members);

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were not fully reimbursed for all expenses in violation of California State Law (the "§ 2802/Expense Reimbursement" Class Members);

All current and former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who were denied compensation due to Defendant's failure to provide fully relieved meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California State Law (the "§226.7/Break" Class Members); and

All former hourly-paid workers who worked at any location in California at any time within the four years prior to the date of filing this Complaint through the date of final disposition of this action who did not receive all wages due at the time of termination or within seventy-two hours of resignation (the "§ 203/Waiting Time" Class Members).

112.   Plaintiff reserves the right to refine this definition or establish sub-classes if discovery reveals that (a) more appropriate class definition(s) exist(s).

## VII.   CAUSES OF ACTION

**A.    First Claim for Relief – Violations of the FLSA**

113.   Plaintiff incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

114.   The foregoing conduct, as alleged, violated the FLSA.

115.   Plaintiff and the Collective Action Members, despite Defendant's misclassification of them as independent contractors, were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

116.   Defendant was required to pay Plaintiff and the Collective Action Members overtime wages in the amount of one and one-half times their respective regular rates of pay for all hours worked over forty (40) in a given workweek. 29 U.S.C. § 207.

117.   Defendant failed to pay Plaintiff and the Collective Action Members their federally-mandated overtime wages for all hours worked over forty (40) in a given workweek due to policies and/or practices of requiring uncompensated work.

118.   Accordingly, Plaintiff and the Collective Action Members are entitled to the full statutory overtime wages set forth in 29 U.S.C. § 207.

119.   Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. §255(a). Therefore, Plaintiff and the Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

120.   Plaintiff seeks all damages to which Plaintiff and the Collective Action Members are entitled including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.    Second Claim for Relief – Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210**

121.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

122.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, among other things, any unlawful or unfair business acts or practices.

123.    At some point more than four years ago, Defendant began to commit acts of unfair competition as defined by the UCL by, among other things, engaging in the acts and practices described in this Complaint. Defendant's conduct as alleged herein injured Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the California Class.

124.    Defendant engaged in unfair competition in violation of the UCL by violating, among other things, each of the following laws. Each of these violations constitutes an independent violation of the UCL:

a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201-291 and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.    California Labor Code §§ 201-203, and 226;

c.    California Labor Code § 2802;

d.    California Labor Code § 1174; and

e.    California Labor Code § 510, which provides in pertinent part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

125.    Each of Defendant's course(s) of conduct, acts, and practices in violation of federal and California State Law mentioned above constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

126.    The unlawful and unfair business practices and acts of Defendant described above have injured Plaintiff and the California Class in that they were wrongfully denied payment of earned wages.

127.    Plaintiff, individually and on behalf of the California Class, seeks restitution in the amount of the respective overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, or eight (8) hours in a day, or for the first eight (8) hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve (12) hours per day and for all work over eight (8) hours on the seventh consecutive day of work in a workweek.

128.    Plaintiff seek recovery of attorneys' fees and costs of this action to be paid by Defendant as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

**C.    Fourth Claim for Relief – California Overtime Violations, Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 510, 1194**

129.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

130.    California law requires an employer to an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) per week, or over eight (8) per day, or for the first eight (8) hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in one day, and for any hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

131.    California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and relevant members of the California Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

132.    Throughout the time period relevant to this claim for relief, Plaintiff and relevant members of the California Class worked in excess of eight (8) hours in a workday and/or forty

(40) hours in a workweek. Plaintiff and relevant members of the California Class also sometimes worked in excess of twelve (12) hours in one day and for over eight (8) hours on a seventh consecutive day of work.

133.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and relevant members of the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**D.    Fifth Claim for Relief – California Failure to Reimburse for Necessary Expenditures Violations; Cal. Labor Code § 2802**

134.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

135.    Throughout the time period relevant to this claim for relief, Defendant required Plaintiff and relevant members of the California Class to incur expenses for transportation between jobsites and use of cellular telephones in the course and scope of their employment. Defendant did not reimburse Plaintiff and relevant members of the California Class for the use of their cellular telephones nor for their work travel related expenses including gasoline, maintenance and other costs all of which benefited Defendant and were required to perform their jobs.

136.    Throughout the time period relevant to this claim for relief, Defendant was subject to California Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

137.    As a proximate result of Defendant's policies in violation of California Labor Code § 2802, Plaintiff and relevant members of the California Class sustained actual and pecuniary damages.

138.    Plaintiff and relevant members of the California Class are entitled to reimbursement of expenses, attorneys' fees and costs of suit pursuant to California Labor Code § 2802(c) as well as pre-judgment interest pursuant to § 2802(b) and post-judgment interest in connection with this cause of action.

**E.    Sixth Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 16-2001**

139.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

140.    Plaintiff and relevant members of the California Class routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§226.7 & 512 and California Wage Order 16-2001, § 10(A).

141.    Defendant did/does not pay the mandatory penalty when failing to relieve Plaintiff and relevant members of the California Class of all duty for meal breaks as required by California Labor Code § 226.7 and California Wage Order 16-2001., § 10(B).

142.    As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and relevant members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 16-2001, § 11(F).

143.    In addition, Plaintiff and relevant members of the California Class regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or major fraction thereof, as required by California Wage Order 16-2001, § 11(A).

144.    Defendant did not pay the mandatory penalty for failing to fully relieve Plaintiff and relevant members of the California Class of all duty for rest breaks as required by California Labor Code § 226.7 and California Wage Order 16-2001, § 11(D).

145.    As the result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and relevant members of the California Class for one hour of additional pay at the

regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 16-2001, § 11(D).

146.    In the event Plaintiff and relevant members of the California Class are successful in prosecuting this claim, they are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 218.5.

**F.    Seventh Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 226, 1174, 1174.5**

147.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

148.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, among other things, hours worked, to event Plaintiff and relevant members of the California Class in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to Plaintiff and relevant members of the California Class by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and relevant members of the California Class as required under California Labor Code § 1174(d).

149.    Plaintiff and relevant members of the California Class are entitled to and seek injunctive relief requiring Defendant to comply with California Labor Code §§ 226(e) & 1174(d) and further seek the amount provided under California Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, and all relevant and applicable attorneys' fees and costs of action.

**G.    Eighth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202 & 203**

150.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

151.    California Labor Code §§ 201 and 202 require employers to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

152.    Plaintiff and relevant members of the California Class who left employment with Defendant are entitled to unpaid compensation and other monies as alleged above, but to date have not received such compensation.

153.    More than thirty (30) days have passed since Plaintiff and relevant members of the California Class left Defendant's employ.

154.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and relevant members of the California Class whose employment ended during the class period are entitled to thirty days' wages under § 203, together with interest thereon and attorneys' fees and costs.

## VIII.  JURY DEMAND

155.    Plaintiff demands a jury trial on all causes of action and claims for relief to which Plaintiff and the putative Collective and Class Action members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

156.    Plaintiff asks that the Court issue summons for Defendant to appear and answer and that Plaintiff and the Collective/Class Action Members be awarded judgment against Defendant or order(s) from the Court for the following:

a.  An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all Collective Action Members;

b.  An order certifying that the California State Law Claims may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.  Designation of Plaintiff as representatives of the Class Action Members;

d.  Designation of attorneys Melinda Arbuckle and Ricardo J. Prieto of Wage and Hour Firm as Class Counsel for the Class Action Members;

e.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and relevant State Law;

f.  An injunction against Defendant and all relevant officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.  An award of damages including all unpaid wages at the federal, state, or locally mandated minimum wage rate, overtime compensation for all hours worked over forty in a workweek, or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek, liquidated damages, and restitution;

h.  Appropriate statutory penalties;

i.  Costs of action incurred;

j.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.  Pre- and post-judgment interest, as provided by law;

l.  Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: February 8, 2024                    Respectfully submitted,

                                           By:    s/Melinda Arbuckle
                                                  Melinda Arbuckle

                                           **WAGE AND HOUR FIRM**

                                           Melinda Arbuckle (SBN 302723)
                                           marbuckle@wageandhourfirm.com
                                           3600 Lime Street, Suite 111
                                           Riverside, California 92501
                                           (214) 489-7653 – Telephone
                                           (469) 319-0317 – Facsimile

                                           Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
                                           rprieto@wageandhourfirm.com
                                           5050 Quorum Drive, Suite 700
                                           Dallas, Texas 75254
                                           (214) 489-7653 – Telephone
                                           (469) 319-0317 – Facsimile

                                           *Counsel for Plaintiff and Proposed Class
                                           and Collective Action Members*