UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEO HUNTER,<br><br>             Plaintiff,<br><br>      v.<br><br>PETRO-LUD, INC.,<br><br>             Defendant. | Case No. 1:24-cv-00181-KES-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO EXTEND DEADLINES<br><br>(Doc. 19) |

**Background**

Pending before the Court is the parties' joint stipulated request (Doc. 19) to extend by 90 days the deadlines that the parties requested and the Court adopted in the class certification scheduling order. (Doc. 15). In support of the request, the parties state that they participated in mediation on September 30, 2024, but were unable to resolve the case. The parties "paused" discovery in preparation for the mediation and with the upcoming holiday break schedule, they agreed that more time is needed to finalize discovery as to class certification issues. (Doc. 19 at 1).

The parties separately represent that counsel for Defendant has been in trial for six weeks, beginning in late September 2024 and that the trial recently ended (on November 4, 2024). Further, Defendant's counsel is now preparing for another six-week trial beginning in January 2025. *Id.* at 2. The accompanying declaration of Plaintiff's counsel Ricardo J. Prieto states the same

aforementioned facts. (Doc. 19-1 at 2). The Court notes that there are three individuals listed on the signature page as "[a]ttorneys for Defendant" (*id.* at 2-3) and it is unclear whether all three will be engaged in trial as described.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Here, on September 18, 2024, the parties represented in a joint report to the Court that "Should the Parties not reach a settlement at mediation, they will resume with class-based discovery and motion practice." (Doc. 16). However, based on their representations in the pending stipulated request for extension of case management dates, they did not, in fact, engage in discovery following unsuccessful mediation efforts.

Notwithstanding the Court's admonishment to the parties that they diligently complete discovery by the scheduled deadlines (Doc. 17), the parties waited until the day nonexpert discovery closed to seek relief from the Court. (Doc. 15 at 1). In the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Local Rule 144(d). Instead, this Court's local rules require the parties to seek extensions of case management dates when the need for an extension reasonably becomes evidence. *Id.* Certainly, given the nature of counsel's reported trial conflicts and the parties' representation that they unilaterally "paused" discovery, it was obvious long before the deadline to complete nonexpert discovery that the parties needed an extension of the case management dates. While the Court acknowledges the benefits of seeking early resolution of the dispute and prioritizing settlement negotiations, participating in mediation does not relieve the parties of complying with the Court's scheduling order and does not demonstrate due diligence. *See, e.g., Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under Local Rule 144); (Doc. 15 at 3, noting "The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation") (emphasis removed).

**Conclusion and Order**

For the foregoing reasons, the parties' request to amend the scheduling order (Doc. 19) is DENIED.

IT IS SO ORDERED.

Dated: **November 7, 2024**

UNITED STATES MAGISTRATE JUDGE